IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

LUCAS JANTZ HADERMAN                                                                         PLAINTIFF

v.                            Civil No. 5:24-cv-05015-TLB-CDC

STATE OF ARKANSAS                                                                            DEFENDANT

### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Plaintiff, Lucas J. Haderman, currently an inmate of the Benton County Detention Center, filed this civil rights action under 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis* ("IFP").

Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court for preservice screening of the Complaint (ECF No. 1) under 28 U.S.C. § 1915A. Pursuant to § 1915A, the Court has the obligation to screen any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.

### I.    BACKGROUND

Plaintiff contends that after he accepted a plea agreement and was sentenced in *State v. Haderman,* 04CR-16-2300, he discovered several irregularities in the handling of his case. (ECF No. 1 at 4). Plaintiff indicates that the public defender he was assigned was already representing a co-defendant. *Id.* In March of 2017, Plaintiff indicates public defender Scott McElveen withdrew. *Id.* Plaintiff was to be assigned a conflict attorney. *Id.* However, Plaintiff says a

conflict attorney was never appointed. *Id.* For a period, Plaintiff contends he was without representation. *Id.* Eventually, Scott McElveen continued to represent him. *Id.*

In September of 2017, the prosecuting attorney presented a plea offer. (ECF No. 1 at 5). At the time, Plaintiff indicates he was incarcerated and not being given his medications for ADD, ADHD, PTSD, in cognition, grandiosity, thought disorder, and bi-polar disorder. *Id.* Additionally, Plaintiff says he was not being treated for his physical problems including scoliosis, degenerative bone disease, a fractured tibia, and a torn ACL. *Id.* Plaintiff contends that with the combination of mental and physical conditions he was in no condition to make a suitable choice about whether to sign the plea offer. *Id.* Plaintiff says all he heard was that he would be released from jail after months of incarceration. *Id.* at 6. In his state of confusion, he just wanted out of jail so he could obtain his medication. *Id.* Plaintiff states he did not hear or comprehend the allegations he was agreeing to. *Id.* Furthermore, Plaintiff said he had not received the discovery in the case. *Id.* at 6-7. In short, Plaintiff maintains he was forced to take the plea offer without a full understanding of the charges or evidence against him.

In a supplement to the Complaint, Plaintiff filed what appears to be a copy of a motion to dismiss submitted in *State v. Haderman,* 2023-0993-1. (ECF No. 6 at 1). In the motion, he says he has never lived at 15890 Bethlem Road, Gravette, and the case and any revocation charges should be dismissed. *Id.*

The Court records indicate that Plaintiff was charged in *State v. Haderman,* 04CR-16-2300, in the Circuit Court of Benton County Arkansas, 19th West Judicial District Division 1, with residential burglary and theft of property. [STATE V LUCUS HADERMAN PLEA/STIPULATION: 04CR-16-2300 • Arkansas Judiciary (arcourts.gov)](#) (accessed February 6, 2024). The plea agreement and order were signed on September 7, 2017. *Id.* Plaintiff agreed

to plead guilty to the residential burglary and theft of property charges as well as a charge of possession of a controlled substance in a separate case—CR17-1204-1. *Id.* Plaintiff was sentenced to 60 months of supervised probation. *Id.*

## II. APPLICABLE STANDARD

The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted, or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a *pro se* plaintiff has asserted sufficient facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded ... to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)). However, even a *pro se* Plaintiff must allege specific facts sufficient to support a claim. *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

## III. DISCUSSION

In this case, Plaintiff is attempting to challenge the validity of a plea agreement he signed in September of 2017. Plaintiff's claims are barred both by sovereign immunity and by the doctrine set forth by the Supreme Court in *Heck v. Humphrey,* 512 U.S. 477 (1994). The Court will address each issue in turn.

### A. Sovereign Immunity

The Eleventh Amendment provides that "[t]he Judicial power of the United States shall not

be construed to extend to any suit in law or equity, commenced or prosecuted against any one of the United States." U.S. Const. amend XI. It confirms "the structural understanding that States entered the Union with their sovereign immunity intact." *VA. Off. For Prot. & Advoc. v. Stewart,* 563 U.S. 247, 253 (2011). "Absent a waiver of state sovereign immunity or a valid abrogation of sovereign immunity by Congress, federal courts may not entertain a private party's suit against a State." *EEE Minerals, LLC v. State of N. Dakota,* 81 F.4th 809, 815 (8th Cir. 2023).

The State of Arkansas has not waived its sovereign immunity. *See e.g., Hadley v. N. Ark. Cmty. Tech. Coll.,* 76 F.3d 1437, 1438 (8th Cir. 1996). Nor did Congress abrogate sovereign immunity when enacting § 1983. *Quern v. Jordan*, 440 U.S. 332, 345 (1979). Plaintiff's claims against the State of Arkansas are barred by the Eleventh Amendment.

### B.   The *Heck* Bar

In *Heck*, the Supreme Court held a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination or called into question by a federal court's issuance of a writ of *habeas corpus.*" *Heck.* 512 U.S. at 486-487. The Court noted if a successful claim would not demonstrate the invalidity of an outstanding criminal judgment, it should be allowed to proceed. *Id.* The *Heck* bar has been applied to claims for injunctive or declaratory relief and damages. *See Smith v. Norris*, 40 F.App'x 305 (8th Cir. 2002)(unpublished); *Rosendahl v. Norman*, 242 F.3d 376 (8th Cir. 2000).

Here, Plaintiff's conviction has not been reversed, expunged, or declared invalid. Thus, in addition to his claims being barred by sovereign immunity they are also barred by the doctrine

set forth in *Heck*.

## IV.   CONCLUSION

For the reasons stated above, I recommend this case be **DISMISSED WITH PREJUDICE.**

**Status of the Referral:   The Referral is terminated.**

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).   The failure to file timely objections may result in waiver of the right to appeal questions of fact.   The parties are reminded that objections must be both timely and specific to trigger *de novo* review by the district court.**

RECOMMENDED this 6th day of February 2024.

*s/ Christy Comstock*
CHRISTY COMSTOCK
UNITED STATES MAGISTRATE JUDGE